**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 07-60188
Summary Calendar

JODON ANTONIO SLAUGHTER

Petitioner-Appellant

v.

CHRISTOPEHR B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS; ROBERT MCFADEN, Warden of the Federal Correctional
Institution at Jesup, Georgia

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-135

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Jodon Antonio Slaughter, Mississippi prisoner #
K1780, assisted by counsel, appeals the district court's denial of relief on his 28
U.S.C. § 2254 petition challenging his conviction for the murder of Kelvin
Reynolds, for which Slaughter is serving a sentence of life imprisonment. We
granted a certificate of appealability on two issues: (1) Whether Slaughter's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

rights under the Confrontation Clause were violated by the trial court's refusal to allow him to present evidence that specified prosecution witnesses had federal immunity agreements, and (2) whether Slaughter's trial counsel was ineffective for failing to introduce evidence to support an alibi defense.

A federal court must defer to the state court's adjudication on the merits of a petitioner's claims unless the state court's adjudication was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts. *Miniel v. Cockrell*, 339 F.3d 331, 336-37 (5th Cir. 2003); 28 U.S.C. § 2254(d). The decision of a state court "is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Miniel*, 339 F.3d at 337. "A state court's decision constitutes an unreasonable application of clearly established federal law if it is objectively unreasonable." *Id.*

Slaughter contends that his rights under the Confrontation Clause were violated when he was not allowed to question prosecution witnesses Regina Richardson, Kelly Seldon, Lemuel Murray, and Linda Dugan regarding their federal immunity agreements. Subsequent to the death of Reynolds, these witnesses gave testimony before a federal grand jury in Georgia that was investigating allegations of bank fraud, possession and uttering counterfeit checks, alteration of the vehicle identification numbers of vehicles, money laundering, and obstruction of justice. The criminal activity investigated by the federal grand jury involved Slaughter, Reynolds, and others, and some of the grand jury testimony given by these witnesses concerned the death of Reynolds.

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). The "essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination*."

2

*Id.* (internal quotations and citations omitted) (emphasis in original). "The Confrontation Clause of the Sixth Amendment is satisfied where defense counsel has been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v. Landerman*, 109 F.3d 1053, 1061 (5th Cir. 1997) (quotation marks omitted).

Confrontation Clause violations are subject to harmless error analysis. *See Van Arsdall*, 475 U.S. at 681-82. On collateral review, federal habeas relief may be granted for constitutional error that "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quotation and citation omitted). When a state court does not perform its own harmless-error review, we apply the *Brecht* harmless-error analysis. *Robertson v. Cain*, 324 F.3d 297, 306. (5th Cir. 2003).

It is unnecessary to determine whether Slaughter's rights under the Confrontation Clause were violated by the trial court's refusal to allow the disclosure of the witnesses' federal immunity agreements because the error, if any, was harmless. The record reveals that state charges of accessory-after-the-fact to murder against the prosecution's key witness, Richardson, were dropped in exchange for her cooperation and testimony. Evidence of this arrangement was presented to the jury, and Slaughter was permitted to cross-examine Richardson, an eyewitness to the killing, regarding her agreement with the prosecution. As Slaughter was permitted to cross-examine Richardson regarding her agreement with the state prosecution, any error in not allowing cross-examination regarding a federal immunity agreement was harmless. *See Brecht* 507 U.S. at 637; *Van Arsdall*, 475 U.S. at 684. As to Kelly Seldon, Murray, and Dugan, any error in precluding cross-examination regarding these witnesses' federal immunity agreements was harmless given the strength of the prosecution's case presented through Richardson and other witnesses. *See Van Arsdall*, 475 U.S. at 684. In view of the state court's decision, its denial of

3

Slaughter's claim under the Confrontation Clause was not "contrary to" or an "unreasonable application" of clearly established federal law. *See Miniel*, 339 F.3d at 337.

Slaughter also contends that his trial counsel was ineffective for failing to present evidence that police received the first call regarding the shooting at 9:20 p.m. He contends that it was physically impossible for him to have driven from the casino, where he was recorded on videotape at 9:08:41 p.m., to the scene of the killing by 9:20 p.m. He insists that the evidence of the time that calls were received by the police would have provided an alibi. *See id.* at 46, 50.

To prevail on a claim of ineffective assistance of counsel, Slaughter must show that his counsel's performance was deficient by falling below an objective standard of reasonableness, and that the deficient performance prejudiced Slaughter's defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Under the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. A failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

Given the overwhelming evidence of Slaughter's guilt, as well as evidence that the crime scene was approximately 6.4 miles from the casino, Slaughter has failed to show that there is a reasonable probability that the result of his trial would have been different had counsel introduced the timeline. *See id.* at 694. The state court's decision denying Slaughter's ineffective assistance claim was not "contrary to" or an "unreasonable application" of clearly established federal law. *See Miniel*, 339 F.3d at 337.

The judgment of the district court is AFFIRMED.